*FILED*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

05 AUG 24  PM 3:52

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

K & M IMPORTS, INC.,
a Florida corporation,

    Plaintiff,

v.                                                     Case No. 6:05-CV-1242-31-DAB

HERITAGE GALERIE, INC., a
Louisiana corporation, and DAVID HOWELL,
an individual,

    Defendants.
_____/

## COMPLAINT
### JURY TRIAL AND INJUNCTIVE RELIEF REQUESTED

Plaintiff K & M IMPORTS, INC. ("K & M") sues the Defendants HERITAGE GALERIE, INC. ("Heritage") and DAVID HOWELL ("Howell") (collectively, the "Defendants"), and alleges:

This is an action for damages and injunctive relief pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Lanham Act, 15 U.S.C. § 1125(a), and F. S. arising from the Defendants' infringement of K & M's registered copyright and distinctive trade dress in its **IT'S ALL CARRIBEAN COLLECTION**, and in particular, of its FLIP FLOPS wall decor.

**I.**    **PARTIES, JURISDICTION AND VENUE**

    1.    K & M is a Florida corporation with its principal place of business in Oviedo, Florida. K & M offers for sale and sells fanciful decorative clay and metal

1

sculptures throughout the United States and on the Internet.

2. Upon information and belief, Defendant Heritage is a Louisiana corporation with its principal place of business in New Orleans, Louisiana. Upon further information and belief, Heritage also promotes and sells Caribbean-themed metal sculptures in competition with K & M.

3. Upon information and belief, Defendant Howell is a principal of Heritage who owns, manages, operates or otherwise controls Heritage. Upon information and belief, Howell transacts substantial business in this district. Upon information and belief, Howell (a) personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from theat wrongful conduct.

4. This Court has subject matter jurisdiction over K & M's claims for copyright and trade dress infringement and related claims pursuant to 17 U.S.C. §501, 15 U.S.C. § 1125(a) and 28 U.S.C. §§1338(a) and 1331.

5. This Court has supplemental jurisdiction over K & M's claims arising under the laws of Florida pursuant to 28 U.S.C. §1367(a) because these claims are so related to K & M's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and §1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Middle District of Florida.

## II. BACKGROUND

8. K & M is an established decorative sculptures company that has marketed, promoted and sold residential and commercial decorative sculptures throughout the United States since 1986.

9. Over the years it has been in business, K & M developed and sold original sculptures to its retail and wholesale customers. These various sculptures, include the **IT'S ALL CARIBBEAN COLLECTION**, which is a collection of Caribbean-themed clay and metal sculptures that feature beach-related items decorated in colors and with images that are reminiscent of the Caribbean (hereafter, "the Collection"). Among the items in the Collection is a line of products that resemble flip-flop beach sandals and are painted with tropical images (hereafter, "the Sculptures").

10. K & M displays the Sculptures at industry trade shows and through the **IT'S ALL CARIBBEAN COLLECTION** catalog.

## COUNT I
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §501

11. K & M repeats the allegations made in paragraphs 1 through 10 above as if set forth herein.

12. The Sculptures comprising the Collection have been duly registered in the United States Copyright Office under United States Registration No. VA 1-

285-879, which was issued by the United States Register of Copyrights effective January 14, 2005.

13. A true and correct copy of K & M's Copyright Registration No. VA 1-285-879 is appended hereto as Exhibit "A." A true and correct copy of the Sculptures registered under Copyright Registration No. VA 1-285-879 is attached hereto as Exhibit "B."

14. Copyright Registration No. VA 1-285-879 is valid and subsisting.

15. Defendants Heritage Galerie and Howell attend the same industry trade shows as K & M, where they promote their own competing products. By virtue of their attendance at these trade shows, and by virtue of K & M's trade show and catalog promotions, the Defendants had access to the Collection.

16. On information and belief, Defendant Howell copied the Sculptures, or caused Heritage or its agents to copy them, and promoted as original to Heritage K&M's copyrightable expressions therein. Defendants are using those copies and/or unauthorized derivatives thereof in the conduct of their competing business.

17. Defendants' copying and use of the Sculptures, which are proprietary and original to K & M, was and is without K & M's permission or authorization.

18. K & M has suffered an compensable injury by reason of the infringing activities of Defendants, and will continue to suffer irreparable injury unless Defendants' infringing activities are preliminarily and then permanently enjoined.

19. Upon information and belief, Defendants' infringing activities were

4

knowingly engaged in with a willful and reckless disregard of K & M's rights.

20. The copying and use by Defendants of the copyrighted Sculptures without K & M's permission constitutes an actionable infringement in violation of 17 U.S.C. §501. The Defendants' actions are knowing, willful and deliberate within 17 U.S.C. §504(c)(2).

21. K & M has no adequate remedy at law if Defendants' activities are not enjoined by this Court, and it will suffer irreparable injury and harm as a result.

22. As a result of the Defendants' unlawful activities, K & M is being damaged in an amount not yet ascertainable.

## COUNT II
## TRADE DRESS INFRINGEMENT – PRODUCT APPEARANCE
## 15 U.S.C. § 1125(a)

23. Plaintiff K & M repeats and re-alleges Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. This cause of action for trade dress infringement arises under 15 U.S.C. §1125(a) as a result of Defendants' intentional misappropriation of the distinctive non-functional appearance of the Sculptures, which are unique to K&M, in a way that is likely to cause confusion in the relevant market.

25. Over the past nineteen years, K & M has invested hundreds of hours and thousands of dollars in design expenses creating visually appealing decorative designs for the Sculptures. During this process, K & M considered many different decorative designs including colors, placement of the artwork and different artwork

to create a distinctive look and feel for the Sculptures.

The decoration on the surface of the Sculptures has no function other than to enhance their appearance and attractivieness.

26. The overall look and feel of the decoration on the Sculptures was developed by K & M, was copyrighted by them and as such should be unique to K & M. This overall appearance serves to identify the Sculptures to relevant consumers as emanating from a single source.

27. Furthermore, the Sculptures were unique in the marketplace and came to be associated with K & M by its trade show customers.

28. The fanciful appearance of the Sculptures, that is protected by copyright, is inherently distinctive of K & M as the source of those goods. By virtue of their inherent distinctiveness, the trade dress of the Sculptures has acquired secondary meaning.

29. Defendants' goods are inferior copies of the Sculptures, and appear to be designed and/or modeled upon the photographs of the Sculptures shown in K & M's **IT'S ALL CARIBBEAN COLLECTION** catalog.

30. Defendants have positioned themselves as direct competitors of K & M by promoting and selling their infringing products through the same channels of trade and to the same ultimate consumers as K & M.

31. Defendants' competing products have created actual confusion in the marketplace.

32. The presence of Defendants' infringing products have had a negative impact on K & M and the sales of the Sculptures.

33. Defendants' activities are without the permission of K & M.

34. Defendants' aforesaid acts are in violation of 15 U.S.C. §1125(a), in that the Defendants are infringing and will continue to infringe K & M's distinctive product appearance by selling knock-off copied goods employing K & M's trade dress, which is causing consumer confusion, mistake, and deception.

35. K & M has no adequate remedy at law, and therefore if Defendants' activities are not immediately enjoined, K & M will suffer irreparable harm and injury as a result thereof.

36. Upon information and belief, Defendants' acts are willful, wanton, intentional and malicious, and have damaged K & M, making this case exceptional.

37. As a result of the Defendants' unlawful activities, K & M is being damaged in an amount not yet ascertainable.

## COUNT III
## FLORIDA COMMON LAW UNFAIR COMPETITION

38. Plaintiff repeats and re-alleges Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. By misappropriating Plaintiff's trade dress, Defendants have utilized unfair means to usurp the goodwill and distinctiveness of K & M's distinct commercial impression.

40. Upon information and belief, Defendants have promoted their services

7

by contacting Plaintiff's customers and potential customers, making false and misleading representations about the nature, quality, and stability of K & M's competing business. Such acts constitute unfair competition under the common law of Florida. Defendants have misappropriated and falsely described to the general public the origin and source of their goods so as to cause confusion and mistake by the ultimate consumers, and will continue to do so unless enjoined.

41. Plaintiff has no adequate remedy at law if this Court does not enjoin Defendants' activities, and K & M will suffer irreparable harm and injury to its reputation as a result thereof.

42. As a direct and proximate cause of Defendants' acts of unfair competition, Plaintiff has suffered substantial monetary damages.

43. Upon information and belief, Defendants' actions are willful, wanton, intentional, and malicious. By misappropriating K & M's distinctive trade dress, Defendants have utilized unfair means to usurp the goodwill and distinctiveness of K & M's trade dress.

44. Defendants have misappropriated and falsely described to the general public the origin and source of the infringing goods so as to cause confusion and mistake by the ultimate purchasers.

45. K & M has no adequate remedy at law if Defendants' activities are not enjoined by this Court, and K & M will suffer irreparable harm and injury to its reputation as a result thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff K & M respectfully prays that this Court grant the following relief:

1. A preliminary and then permanent injunction enjoining Defendants, together with their officers, agents, employees, attorneys, heirs, successors and assigns, and all those in privity with them, from infringing K & M's copyrights, including the copyrighted Sculptures;

2. An order requiring the destruction of all infringing copies of K & M's copyrighted Sculptures in the possession, custody or control of Defendants or their officers, agents, employees or attorneys;

3. Entry of a final money judgment awarding K & M its actual damages and the Defendants' profits earned from its infringement of the copyrighted Sculptures;

4. That the Court enter a preliminary and ultimately permanent injunction, restraining, enjoining, and prohibiting Defendants from:

    a. Making, using, selling, distributing, advertising or promoting, in any manner, products that are deceptively similar in appearance to the Sculptures, including without limitation, the current appearance of the Sculptures;

    b. Further infringing K & M's trade dress; and

    c. Making false statements regarding the characteristics,

qualities, nature, and development of the Sculptures in relation to Defendants' products.

5. An order requiring Defendants to impound and recall all infringing products from manufacturers, wholesalers, and retail sellers, intermediaries, and distributors, and to deliver them to K & M or its counsel;

6. That Defendants be required to provide an accounting of their financial records to determine the amount of their profits and other unjust enrichment sums attributable to their unlawful acts.

7. That the Court order judgment for three times Defendants' profits or three times the damages suffered by K & M, whichever is greater, as well as punitive or exemplary damages, and reasonable attorneys fees and the costs of the action.

8. That the Court order Defendants to file a report with this Court within thirty (30) days setting forth in detail the manner and form in which Defendants complied with this Order; and

9. An award of compensatory damages and attorney's fees pursuant to Chapter 688 of the Florida Statutes;

10. An award to K & M of its taxable costs and attorney's fees; and

11. Such other relief as this Court deems appropriate.

## JURY DEMAND

K & M hereby requests a trial by jury for all claims so triable.

Respectfully submitted this 24th day of August, 2005.

*Linda C. Dolan*
AVA K. DOPPELT
Florida Bar No. 393738
LINDA C. DOLAN
Florida Bar No. 0707481
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
255 South Orange Avenue
Suite 1401
P.O. Box 3791
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile:  (407) 841-2343
Attorneys for K&M Imports, In24